UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUSSELL LOIOLA,                                        Case No. 22-11993

          Plaintiff,                                   F. Kay Behm
v.                                                     United States District Judge

CITIZENS INSURANCE COMPANY OF
THE MIDWEST,

          Defendant.
_____ /

**OPINION AND ORDER DENYING MOTION
FOR SUMMARY JUDGMENT (ECF No. 11)**

## I.    PROCEDURAL HISTORY

Defendant, Citizens Insurance Company of the Midwest, removed this

matter to federal court on August 24, 2022.  (ECF No. 1).  Plaintiff, Russell Loiola,

brings this action to recover personal injury protection (PIP) benefits under

Michigan's No-Fault Insurance statute, Mich. Comp. Laws § 500.3101, *et seq*.

Citizens moves for summary judgment, arguing that Loiola's claims are barred by

*res judicata* and collateral estoppel, as a result of a judgment entered in a related

state court case.  (ECF No. 11).  Loiola filed a response, and the court held a

hearing, pursuant to notice, on June 28, 2023.  (ECF Nos. 14, 16).  For the reasons

set forth below, the court **DENIES** the motion for summary judgment.

## II.   FACTUAL BACKGROUND

This case involves a claim for first party no-fault PIP benefits filed by Jeffrey Fried, Personal Representative of Russell Loiola, related to an automobile accident that occurred on January 23, 2010.  This is the second lawsuit between the parties.  The first lawsuit was filed in Washtenaw County Circuit Court (Docket No. 16-1044-NF).  That case proceeded to trial and a jury rendered a verdict on December 10, 2018 in favor of Loiola in the amount of $353,438.79 plus interest. (ECF No. 14-1, verdict form).  After trial, the court concluded that Citizens' denial of benefits was unreasonable and awarded Loiola penalty attorney fees under Mich. Comp. Laws § 500.3138.  Citizens appealed to the Michigan Court of Appeals.  On August 6, 2020, the Michigan Court of Appeals vacated the judgment and award of attorney fees and costs and remanded for a new trial.  *See Loiola by Fried v. Citizens Ins. Co. of Am.*, No. 348670, 2020 WL 4558702 (Mich. App. Aug. 6, 2020).  Loiola sought leave to appeal in the Michigan Supreme Court.

On July 6, 2021, Loiola filed a second lawsuit against Citizens in Washtenaw County Circuit Court.  (ECF Nos. 11-9; 14-2).  According to Loiola, he filed the second lawsuit to preserve his claims from December 10, 2018 onward under the no-fault one year back rule given that the re-trial of the first lawsuit would be limited to those claims that were at issue in the first trial.  On September 15,

2021, Citizens moved to stay the second lawsuit pending the appeals process of the first suit in the Michigan Court of Appeals and Michigan Supreme Court.  (ECF No. 14-3).  The state court granted the stay of proceedings on September 22, 2021.  (ECF No. 14-4).

On September 21, 2021, in lieu of granting leave to appeal, the Michigan Supreme Court vacated the portion of the Court of Appeals opinion that dealt with the trial court's refusal to instruct the jury on fraudulent insurance acts, and remanded "for reconsideration in light of *Glasker-Davis v Auvenshine*, 333 Mich App 222[; 964 NW2d 809] (2020)."  *See Fried v. Citizens Ins. Co. of Am.*, 508 Mich. 943 (2021).  On remand, the Michigan Court of Appeals issued a second opinion again reversing the trial court and again remanding to the trial court for a new trial.  *See Loiola by Fried v. Citizens Ins. Co. of Am.*, No. 348670, 2021 WL 5755131 (Mich. App. Dec. 2, 2021).

On February 23, 2022, the state trial court held a status conference and scheduled a new trial for the first lawsuit on June 27, 2022.  (ECF No. 14-6, Register of Actions).  On April 22, 2022, Loiola submitted an Offer of Judgment, which Citizens accepted on May 9, 2022.  (ECF Nos. 14-7, 14-8).  By its express terms the Offer of Judgment was limited to the first lawsuit and claims through

December 10, 2018, the date of the jury verdict.  (ECF No. 14-7).  More

specifically, the Offer of Judgment reads as follows:

> NOW COMES Plaintiff, JEFFREY FRIED, as Personal
> Representative of RUSSELL LOIOLA, by and through his
> attorneys, CHRISTENSEN LAW, and provides an Offer of
> Judgment against the Defendant, CITIZENS INSURANCE
> COMPANY OF THE MIDWEST for the claims made in the
> above captioned case through December 10, 2018 in the
> amount of THREE HUNDRED TWENTY THOUSAND and
> 00/100 ($320,000.00), including interest and costs now
> accrued. This Offer of Judgement does not encompass
> no-fault personal protection insurance (PIP) benefits
> incurred after December 10, 2018, including those at
> issue in the currently pending case of *JEFFREY FRIED, as
> Personal Representative of RUSSELL LOIOLA v. CITIZENS
> INSURANCE COMPANY OF THE MIDWEST*, Washtenaw
> County Circuit Court, Hon. Carol Kuhnke, Case No. 21-
> 000706-NF. This Offer of Judgment is submitted
> pursuant to MCR 2.405.

(ECF No. 14-7).  The state trial court entered a Judgment referring to the Offer of

Judgment and the Acceptance.  (ECF No. 14-9).  Following Citizens' payment on

the Judgment, a satisfaction of judgment was entered on August 22, 2022.  (ECF

No. 14-6).  On August 23, 2022, Citizens filed a motion to lift the stay in the

second case, which was granted on September 19, 2022.  (ECF No. 14-5).  Citizens

then removed this matter to this court.

III.    **ANALYSIS**

A.    Standard of Review

When a party files a motion for summary judgment, it must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).  Furthermore, the evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue then shifts to the non-

moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and to do so must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the plaintiff.'" *Brown v. Scott*, 329 F. Supp. 2d 905, 910 (6th Cir. 2004).  In order to fulfill this burden, the non-moving party only needs to demonstrate the minimal standard that a jury could ostensibly find in his favor.  *Anderson*, 477 U.S. at 248; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  However, mere allegations or denials in the non-movant's pleadings will not satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party.  *Anderson*, 477 U.S. at 248, 251.

The court's role is limited to determining whether there is a genuine dispute about a material fact, that is, if the evidence in the case "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Such a determination requires that the court "view the evidence presented through the prism of the substantive evidentiary burden" applicable to the case. *Id*. at 254. Thus, if the plaintiff must ultimately prove its case at trial by a preponderance of the evidence, on a motion for summary judgment the court

must determine whether a jury could reasonably find that the plaintiff's factual

contentions are true by a preponderance of the evidence.  *See id.* at 252–53.

Finally, if the nonmoving party fails to make a sufficient showing on an essential

element of its case for which it carries the burden of proof, the movant is entitled

to summary judgment.  *Celotex*, 477 U.S. at 323.  The court must construe Rule 56

with due regard not only for the rights of those "asserting claims and defenses

that are adequately based in fact to have those claims and defenses tried to a

jury," but also for the rights of those "opposing such claims and defenses to

demonstrate in the manner provided by the Rule, prior to trial, that the claims

and defenses have no factual basis."  *Id*. at 327.

      B.    <u>*Res Judicata and Collateral Estoppel*</u>

      Citizens argues that all Loiola's claims incurred through July 25, 2022 are

barred by res judicata and collateral estoppel, also known as claim preclusion and

issue preclusion, respectively.  Citizens contends that the Judgment in the first

litigation involves the same parties, the same claim, and was a final decision on

the merits, and thus the present claims are barred by *res judicata*.  Additionally,

Citizens contends that Loiola's claims are partially barred by collateral estoppel.

In response, Loiola argues that the Judgment in the first action was based on the

Offer of Judgment discussed above, which was expressly limited to claims through

December 18, 2018.  Thus, according to Loiola, the same claims are simply not

involved here.

Because the Judgment in the first case was issued by a Michigan court, the

court looks to Michigan law to determine its preclusive effect.  *Moore, Successor*

*Tr. of Clarence M. Moore & Laura P. Moore Tr. v. Hiram Twp., Ohio*, 988 F.3d 353,

357 (6th Cir. 2021) ("Federal courts give the same preclusive effect to a state-

court judgment as that judgment would receive in the rendering state.").  In

Michigan, *res judicata* "bars a second, subsequent action when (1) the prior

action was decided on the merits, (2) both actions involve the same parties or

their privies, and (3) the matter in the second case was, or could have been,

resolved in the first." *Ludwig v. Township of Van Buren*, 682 F.3d 457, 460 (6th Cir.

2012) (quoting *Adair v. State*, 470 Mich. 105, 121 (2004)).  Michigan "has taken a

broad approach to the doctrine of *res judicata*, holding that it bars not only claims

already litigated, but also every claim arising from the same transaction that the

parties, exercising reasonable diligence, could have raised but did not."  *Id*.  For

collateral estoppel to apply, three elements must be satisfied: "(1) a question of

fact essential to the judgment must have been actually litigated and determined

by a valid and final judgment; (2) the parties or privies must have had a full [and

fair] opportunity to litigate the issue; and (3) there must be mutuality of

estoppel." *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 682-684 (2004) (internal

quotation marks and citations omitted).  The party seeking the benefit of

preclusion bears the burden of proof.  *See Browning v. Levy*, 283 F.3d 761, 771–72

(6th Cir. 2002); *Winget v. JP Morgan Chase Bank, N.A*., 537 F.3d 565, 572 (6th Cir.

2008) ("The party asserting the defense of *res judicata* bears the burden of

proof.").

     Citizens cites a host of case law regarding the principles of claim and issue

preclusion and argues that both doctrines "undoubtedly apply" and "require little

analysis."  Citizens' analysis seems to assume that because the earlier suit was

decided on the merits and involved the same parties, then it must follow that the

claims here could have been brought in the first action or that a question of fact

essential here was resolved by the first Judgment.  Yet, the second action was

brought over two years after the first suit went to a jury verdict.  Citizens'

proffered analysis, however, does not explain as a matter of fact or procedure as

to how the claims brought in 2021 could have been brought in the first lawsuit.

Nor does Citizens offer any evidence suggesting that Loiola could have done so.

And Citizens has not shown that the first Judgment resolved any fact issue

essential to the claims at issue in this case or that Loiola had a full and fair

opportunity to do so.

Similar arguments have been rejected by other courts.  For example, in

V*illaflor v. State Farm Mut. Auto. Ins. Co*., No. 07-CV-13939, 2008 WL 11355457,

at *2 (E.D. Mich. Dec. 10, 2008), the court determined that "[n]either collateral

estoppel nor *res judicata* stands in the way of 'relitigating' the amount of benefits

to which plaintiff is entitled for the period [after the jury verdict in the first case],

as the benefits for this time period—either in total or as an hourly or daily rate—

were not decided in the prior action."  More specifically, the court concluded that

collateral estoppel did not apply because the amount of benefits the defendant

owed after the period decided via jury verdict could not be calculated based on

any "question of fact" that was resolved by the jury previously.  *Id*.  The court

further concluded that *res judicata* did not bar the claims because the plaintiff

"did not litigate, and could not have litigated, his entitlement, if any, to future

benefits" in the earlier case.  *Id*.; *see also Collier v. Liberty Mutual Ins. Co*., 2011

WL 668370, at *3 (Mich. App. Feb. 24, 2011) (rejecting application of collateral

estoppel because there was no showing that the arbitration panel resolved the

question of whether there was a causal connection between the automobile

accident and any expenses incurred *after* the panel issued its decision.); *Elser v.

Auto-Owners Ins. Co*., 253 Mich. App. 64, 68-69 (2002) (The verdict in the first

case covered only expenses incurred up to date of trial and contained no

determination regarding future expenses nor was any declaratory judgment on this issue sought; because future expenses were not litigated and decided in the first suit, the court rejected the claim that *res judicata* barred claims for additional expenses incurred after the jury verdict.).  Citizens contends that these cases are distinguishable because the Judgment in the first case was rendered while the second case was pending, which it maintained "certainly impacts all rights of the parties up to the time that the judgment was entered."  (ECF No. 18, PageID.310). Citizens suggests that because the Judgment also vacated the judgment that Citizens had obtained against Loiola in the amount of $16,596.70 dated April 26, 2022, that the Judgment necessarily includes the claims at issue here.  (*See* ECF No. 11-5).  The court is not convinced that the state court judge's inclusion of the Citizens' judgment against Loiola in the Judgment overrides the principles of *res judicata*.  More specifically, Citizens' argument confuses the requirement that the claims could have brought in the first suit with the notion that the parties here could have *chosen* to resolve the second suit in the context of the Judgment entered in the first suit.  The latter is insufficient to establish *res judicata*. Notably, the question is not simply what claims *existed* at the time of the Judgment, but what claims were actually litigated and decided in the first suit. *See Elser*, 253 Mich. App. at 69; s*ee also In re Korn*, 567 B.R. 280, 318–19 (Bankr.

E.D. Mich. 2017) (The court "must find 'clearly, definitely, and unequivocally' that this issue was 'actually litigated'—i.e., that it was submitted to the jury by the jury instructions and determined by the jury.") (quoting *Chamberlain v. Messer (In re Messer)*, 500 B.R. 875, 882 (Bankr. E.D. Mich. 2013) ("Under Michigan law, '[c]ollateral estoppel applies only where the basis of the prior judgment can be ascertained clearly, definitely, and unequivocally.' *People v. Gates*, 434 Mich. 146, 452 N.W.2d 627, 631 (1990).").  While the No-Fault Act provides that a claim for expenses must be incurred before a carrier must pay it, there is no corollary rule under preclusion law that if a claim for no-fault benefits has been incurred at the time of a judgment, it must be subsumed in the judgment.  Such a rule would seemingly swallow the limits of issue and claim preclusion entirely such that any claim that existed at the time of judgment is deemed resolved by that judgment. Nothing in the record suggests that any claims incurred after the verdict date were resolved by the Judgment or that Loiola had the opportunity to litigate any post-verdict claims in the first suit.  Accordingly, Citizens has not met its burden of showing that (1) for purposes of *res judicata*, the post-verdict claims were or could have been brought as part of the first suit; or (2) Loiola had a full and fair opportunity to litigate the post-verdict claims in first suit.  Thus, the court concludes that neither issue nor claim preclusion bars Loiola's claims.

Loiola also argues that summary judgment is not warranted because the state court Judgment is expressly limited by the terms of the Offer of Judgment, which includes only claims through December 10, 2018, the date of the jury verdict.  Accordingly, Loiola maintains that no claims incurred after that date were released by the Judgment.  Citizens argues that the Judgment was entered without condition and thus included all amounts at issue between the parties up to and including July 25, 2022, the date of the Judgment.  The court agrees with Loiola.  The plain language of the Judgment indicates that it is based on Loiola's Offer of Judgment and Citizens' Acceptance of that offer, which specifically circumscribes the scope of the claims to be released by the Judgment to include only those claims incurred through December 10, 2018.

Additionally, Citizens' Acceptance of the Offer of Judgment constitutes a binding judicial admission.  As explained in *Borror Prop. Mgmt., LLC v. Oro Karric N., LLC*, 979 F.3d 491, 495 (6th Cir. 2020), a party is bound by the statements contained in its pleadings:

> Once litigation commences, a party typically is bound by
> its action, whether it be a statement in a pleading, *see
> Kay v. Minacs Grp. (USA), Inc.*, 580 F. App'x 327, 331 (6th
> Cir. 2014) ("[U]nder federal law, stipulations and
> admissions in the pleadings are generally binding on the
> parties and the Court." (quoting *Ferguson v.
> Neighborhood Hous. Servs.*, 780 F.2d 549, 551 (6th Cir.

1986))), an admission during discovery, see Fed. R. Civ.
P. 36(b) (noting that facts admitted pursuant to a Rule
36 discovery request are "conclusively established
unless the court, on motion, permits the admission to be
withdrawn or amended"), or an argument to the court
by its counsel, see *Eubanks v. CBSK Fin. Grp., Inc.*, 385
F.3d 894, 897 (6th Cir. 2004) (noting that "judicial
estoppel bars a party from asserting a position that is
contrary to one the party has asserted under oath in a
prior proceeding"); *MacDonald v. Gen. Motors Corp*.,
110 F.3d 337, 340 (6th Cir. 1997) (recognizing that an
attorney's statement qualifies as a binding judicial
admission when it is "deliberate, clear, and
unambiguous").

Here, Citizens' Acceptance of the Offer of Judgment expressly accepted the terms

of the offer, which plainly circumscribed the offer to include only claims through

the date of the jury verdict.  (ECF No. 11-4).  Indeed, Citizens attached a copy of

the Offer of Judgment to its Acceptance.  *Id*.  Citizens unambiguously accepted all

the terms and conditions set forth in the Offer of Judgment and cannot now seek

to avoid the consequences of its admission.

For all these reasons, the court **DENIES** Citizen's motion for summary

judgment.

C.      Assignment of Rights to Neurorestorative

On October 18, 2022, Neurorestorative Michigan filed suit against Citizens

based in part on an Assignment of Rights by Loiola executed on June 28, 2022.

(ECF No. 11-7).[1]  According to Citizens, Loiola has no right to seek reimbursement for the payment of Neurorestorative's services because of the assignment.  In response, Loiola explains that the assignment of rights was signed in error and has been rescinded, and the rescission declares that the assignment is void *ab initio*. (ECF No. 14-10).  Citizens complains that the revocation was not executed by a party to the original assignment, although the legal import of this assertion is not clear.  *Compare* ECF No. 14-10 and ECF No. 11-7.[2]  Citizens also cites a recent Michigan Court of Appeals case standing for the proposition that where a valid assignment of rights was in effect when the plaintiff filed her complaint, and thus she was not the real party-in-interest at that time, the revocation of the assignment during the pendency of the lawsuit was ineffective.  *Robinson v. Szczotka*, No. 359646, 2023 WL 2816798, at *6 (Mich. App. Apr. 6, 2023). *Robinson* is distinguishable because at the time Loiola filed this lawsuit on July 6, 2021, the assignment to Neurorestorative had <u>not</u> yet been executed.  (ECF No. 11-7, PageID.151, assignment executed by both parties on June 28, 2022).  Thus,

---

[1] Counsel explained at the hearing that this lawsuit was dismissed and refiled without Loiola's claims.

[2] The revocation is not signed by Loiola's representative, as the copy provided appears to be attached to an email from Neurorestorative's counsel forwarding the revocation to Loiola's counsel for signature.  (ECF No. 14-10).

at the time this lawsuit was filed, Loiola was, in fact, the real party-in-interest.[3]

Additionally, in contrast to *Robinson*, here, the assignment was apparently made

in error, suggesting that the parties never intended to assign the claims.  (ECF No.

14-10, PageID.229).

    At a minimum, the revocation signed by a representative of

Neurorestorative based on an apparent error in making the assignment in the first

place creates a material question of fact regarding whether Loiola may pursue its

claims for reimbursement for services provided by Neurorestorative.  Accordingly,

the court **DENIES** the motion for summary judgment.

---

[3] At the hearing, Citizens' counsel also relied on *Wallace v. Suburban Mobility Auth. For Reg'l Trans.*, --- Mich. App. ---; 2023 WL 4139548 (June 22, 2023).  *Wallace* is factually similar to *Robinson* in that the plaintiff made the assignments before filing her lawsuit and attempted to revoke them during the litigation.  *Id*. at *4.  Again, the Michigan Court of Appeals concluded that the medical providers were the real parties in interest at the time the claims were denied and when the plaintiff obtained the revocations, each provider's right to collect on the claims had already been extinguished by the one-year back rule.  *Id*. at *5.  Here, as set forth above, Loiola was the real party in interest when this lawsuit was filed and thus, *Wallace*, like *Robinson*, is inapplicable.

IV.     **CONCLUSION**

For the reasons set forth above, Citizens' motion for summary judgment is

**DENIED**.

**SO ORDERED**.

Date: July 21, 2023                          s/F. Kay Behm
                                             F. Kay Behm
                                             United States District Judge